# Supreme Court of Florida

---

No. SC2023-0962

---

## IN RE: AMENDMENTS TO FLORIDA RULES OF CIVIL PROCEDURE.

December 5, 2024
**CORRECTED OPINION**

PER CURIAM.

Earlier this year, the Court adopted amendments to Florida Rules of Civil Procedure 1.200 (Case Management; Pretrial Procedure), 1.201 (Complex Litigation), 1.280 (General Provisions Governing Discovery), 1.440 (Setting Action for Trial), and 1.460 (Motions to Continue Trial), with an effective date of January 1, 2025, at 12:01 a.m.[1] *In re Amends. to Fla. Rules of Civ. Proc.*, 386 So. 3d 497 (Fla. 2024). The amendments created a framework for the active case management of civil cases with a focus on adhering to deadlines established early based on the complexity of the case,

---

[1] We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(f).

while providing room for customization by judicial circuit. The amendments also incorporated the proportionality language of Federal Rule of Civil Procedure 26(b)(1) into the Florida rules and required initial discovery disclosures and discovery supplementation like the federal rules.

Because the amendments adopted were substantially different than the alternatives submitted to the Court, interested persons were given time to file comments. Twenty comments were filed, and The Florida Bar's Civil Procedure Rules Committee filed a response to the comments. The Court is grateful for the commenters' and the Committee's insight and assistance.

After considering the comments, the response, and oral argument, the Court leaves in place almost all the case management, proportionality, and discovery amendments that we adopted in our decision of May 23, 2024. We do, however, adopt additional amendments to make the May 2024 proportionality and discovery changes more effective as well as amendments to resolve potential inconsistencies. The effective date remains January 1, 2025.

## I.

The Court now further amends rules 1.200, 1.201, 1.280, 1.440, and 1.460. The Court also amends Florida Rules of Civil Procedure 1.090 (Time), 1.310 (Depositions on Oral Examination), 1.340 (Interrogatories to Parties), 1.350 (Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes), 1.370 (Requests for Admission), 1.380 (Failure to Make Discovery; Sanctions), and 1.410 (Subpoena). We highlight the more significant amendments here.

First, as recommended by multiple commenters, we add a Court Commentary to rule 1.280 to explain that the Court has adopted almost all the text of federal rule 26(b)(1) and that it is "to be construed and applied in accordance with the federal proportionality standard." This Court Commentary should be sufficient to lead practitioners and judges to look to federal history and precedents when applying proportionality.

Next, to avoid discovery objections that just generally cite proportionality without any further explanation, the Court amends rules 1.340 and 1.350 to require providing the grounds for objecting "with specificity," "including the reasons."

In rule 1.340, we also add a Court Commentary to explain that "[a]ny use of standard interrogatories must be adjusted for proportional discovery." And we will be referring the possible revision of the standard interrogatories to the appropriate Florida Bar committee.

In rule 1.350, we add language to provide that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Adding this federal sentence to Florida's rule should eliminate resources being needlessly wasted on objections where no materials are being withheld. The Court then adds the next sentence from Federal Rule of Civil Procedure 34, namely that "[a]n objection to part of a request must specify the part and permit inspection of the rest." This addition should help discovery progress when there is only an objection to part of a request.

We amend rule 1.380 to provide an enforcement mechanism for the initial discovery disclosure and supplemental discovery obligations that the Court added in rule 1.280. Today's amendments to rule 1.380 also detail the sanctions available when a party fails to disclose or to supplement an earlier response.

As recommended by multiple commenters, we include a sanction for a violation of the discovery certification that the Court added in rule 1.280. This change will make the certification requirement more meaningful and hopefully more effective in eliminating noncompliant discovery.

Further, to address the lack of coordination between the timing of initial discovery disclosures and the timing of the first set of discovery requests, the Court amends rule 1.280 to state that "[a] party may not seek discovery from any source before that party's initial disclosure obligations are satisfied, except when authorized by stipulation or by court order."

In addition to the above changes relating to discovery and proportionality, the Court adopts amendments to correct potential inconsistencies. The Court first adds "filing and service of motions for summary judgment" to the list of deadlines that rule 1.200(d)(2) requires to be in case management orders.

The Court next adjusts the conferral language in rules 1.201 and 1.460 to account for new Florida Rule of Civil Procedure 1.202 (Conferral Prior to Filing Motions). Language is added to rule 1.201 to clarify that, while rule 1.202 requires conferral before a motion is

filed, rule 1.201(c)(4) is intended to require a conferral closer to the hearing date to ensure that the reserved hearing time is still necessary. However, the Court deletes the conferral language in rule 1.460(d) as it is duplicative of rule 1.202.

Finally, the Court exempts trial continuances and extensions of deadlines in case management orders from the general extension of time rule, rule 1.090.

**II.**

The Florida Rules of Civil Procedure are amended as set forth in the appendix to this opinion. New language is underscored; deletions are in struck-through type.

The amendments are effective January 1, 2025, at 12:01 a.m., and apply to all cases pending at that time, except that the requirements of rule 1.280(a) (Initial Discovery Disclosures) shall not apply to any action commenced before the effective date. Case management orders already in effect on January 1, 2025, continue to govern pending actions; however, any extensions of deadlines specified in those existing case management orders are governed by amended rule 1.200 or amended rule 1.201. For actions commenced before January 1, 2025, and in which the court has not

issued a case management order by that date, a case management order must be issued by April 4, 2025.

Rehearing does not affect the effective date.

It is so ordered.

MUÑIZ, C.J., and CANADY, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
LABARGA, J., concurs in part and dissents in part with an opinion.

LABARGA, J., concurring in part and dissenting in part.

When the majority initially amended Florida Rule of Civil Procedure 1.280(c) in May 2024, I expressed concern about doing so *before* receiving input from the rules committee. *See In re Amends. to Fla. Rules of Civ. Proc.*, 386 So. 3d 497, 501 (Fla. 2024) (Labarga, J., concurring in part and dissenting in part). In particular, I suggested that a rule change as significant as incorporating the proportionality language of Federal Rule of Civil Procedure 26(b)(1) should only be done after considering such input.

Since that time, the Court has received valuable comments on the amendments that are set to take effect on January 1, 2025, and in response, the majority now adopts additional changes. However, even as further amended, while I concur with the framework

- 7 -

proposed by the amendments and the goal of improving the resolution of civil cases in our state courts, I dissent because I cannot agree to incorporating the federal proportionality language into our state court discovery rules.

The lofty mission of the sweeping reforms mandated by today's decision is to "[enhance our] civil case management processes in order to deliver justice in a timely, cost-efficient, and accountable manner, while maintaining due process." *Id.* at 499 (majority opinion) (quoting *In re Workgroup on Improved Resolution of Civil Cases*, Admin. Order No. AOSC19-73 (Fla. Oct. 31, 2019)). As noted by the majority opinion, the previously adopted amendments "created a framework for the active case management of civil cases with a focus on adhering to deadlines established early *based on the complexity of the case*, while providing room for customization by judicial circuits given the varying levels of volume, resources, and available automation." *Id.* (emphasis added).

In order to effectuate this proportional mandate, the majority has incorporated into the scope of Florida rule 1.280(c)(1) the proportionality mandate of federal rule 26(b)(1). Accordingly, rule 1.280(c)(1) now provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and *proportional* to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(Emphasis added.)

Unfortunately, despite the majority's well-intentioned mandate, the inclusion of proportionality in our rules of discovery has the potential to produce the exact opposite of the results envisioned by the majority. The proportionality requirement will serve as an impediment to a justice that is timely, and it will prove to be far from cost-efficient.

As discussed in the commentary of attorney Thomas Edwards, Jr., a member of the Workgroup on Improved Resolution of Civil Cases within the Judicial Management Council, the proportionality changes to the scope of discovery are not a good fit in our state's civil judicial system because of practical differences in the operations of state and federal courts. Notably, the case load of federal judges is smaller than that of state court judges, and federal

trial judges have far more resources to assist them with the strict mandates of rule 26(b)(1).  As Mr. Edwards and other participating attorneys observed during oral argument, unlike Florida trial judges, federal district court judges have the assistance of up to three law clerks to assist with discovery disputes.  These judges may also rely on the aid of magistrate judges, who also have the assistance of law clerks.

What is more, given the strict deadlines mandated by these amendments to our rules of civil procedure, it will be difficult for practitioners to get hearing time to consider proportionality objections without impairing case management order deadlines. Many proportionality objections will require evidentiary hearings and are likely to cause tension with newly rewritten rule 1.460 which frowns upon continuances: "[m]otions to continue trial are disfavored and should rarely be granted and then only upon good cause shown."  While rule 1.460 authorizes trial judges to impose sanctions "[i]f a continuance is granted based on the dilatory conduct of an attorney or named party," rule 1.280 does not authorize sanctions for dilatory boilerplate proportionality objections.

Bolstering my concern about the potential impact of the proportionality mandate is the practical impact of applying federal rule 26(b)(1). Rule 26(b)(1) has been challenging enough in the federal courts that multiple advisory notes have been added over the years, and litigation has ensued to determine its scope. In recognition of this reality, our majority has added a "Court Commentary to rule 1.280 to explain that the Court has adopted almost all the text of federal rule 26(b)(1) and that it is 'to be construed and applied in accordance with the federal proportionality standard.'" Majority op. at 3. However, I am unconvinced that this guidance will be sufficient to mitigate the significant changes that the proportionality mandate imposes upon Florida's state courts.

My concerns about the proportionality language notwithstanding, I enthusiastically join the majority in thanking The Florida Bar's Civil Procedure Rules Committee and the many commenters for their hard work, dedication, and valuable recommendations. This effort was a truly heavy lift. In my previous life as chief justice, I had the opportunity and pleasure to work with many of the lawyers and judges who dedicated so much of their

time to this massive undertaking. Their dedication to our judicial system is immeasurable.

Original Proceeding – Florida Rules of Civil Procedure

Cosme Caballero, Chair, Civil Procedure Rules Committee, Miami, Florida, Judson Lee Cohen, Past Chair, Civil Procedure Rules Committee, Miami Lakes, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Jigarbhai Amin, Lutz, Florida; Vishrut Amin, Lutz, Florida; Mark R. Osherow on behalf of Osherow, PLLC, Boca Raton, Florida, and Shari Elessar of Back on Track Mediation, Royal Palm Beach, Florida; Timothy D. Kenison of GOLDLAW, West Palm Beach, Florida; Deborah Rachel Ingraham, Miami, Florida; Russell Landy of Damian Valori Culmo, on behalf of the Business Law Section of The Florida Bar, Miami, Florida; Lucretia Pitts Barrett of Universal Property & Casualty Ins. Co., Fort Lauderdale, Florida; Ana Cristina Maldonado, Chair, Alternative Dispute Resolution Section of The Florida Bar, Davie, Florida, and Lawrence Kolin, Alternative Dispute Resolution Section of the Florida Bar, Orlando, Florida; Spencer H. Silverglate of Clarke Silverglate, P.A., on behalf of International Association of Defense Counsel, DRI Center for Law and Public Policy, Federation of Defense & Corporate Counsel, Association of Defense Trial Attorneys, Florida Chamber of Commerce, Associated Industries of Florida, Florida Insurance Council, American Tort Reform Association, National Federation of Independent Business Small Business Legal Center, Inc., American Property Casualty Insurance Association, National Association of Mutual Insurance Companies, Coalition for Litigation Justice, Inc., Washington Legal Foundation, Pharmaceutical Research and Manufacturers of America, and Alliance for Automotive Innovation, Miami, Florida; David M. Caldevilla of de la Parte, Gilbert, McNamara & Caldevilla, P.A., Tampa, Florida; Theodore C. Miloch, II of Wallen Kelley, Stuart, Florida; Kenneth B. Schurr of Law Offices of Kenneth B.

Schurr, P.A., Coral Gables, Florida; Honorable Paul L. Huey, Thirteenth Judicial Circuit Court of Florida, Tampa, Florida; Kimberly Kanoff Berman of Marshall Dennehey, P.C., Fort Lauderdale, Florida; Thomas S. Edwards, Jr of Edwards & Ragatz, P.A., Jacksonville, Florida; W. Braxton Gillam, IV, of Milam Howard Nicandri & Gillam, P.A., Jacksonville, Florida; Maegen Peek Luka of Newsome Melton, Orlando, Florida; Neal A. Roth of Grossman Roth Yaffa Cohen, P.A., Coral Gables, Florida, William T. Cotterall of Florida Justice Association, Tallahassee, Florida, Peter Hunt of Rubenstein Law, P.A., Miami, Florida, John Mills of Bishop & Mills, PLLC, Jacksonville, Florida, Henry L. Perry of Perry & Young, Panama City, Florida, Herman J. Russomanno of Russomanno & Borello, P.A., Miami, Florida, and Laurie J. Briggs of Searcy Denney Scarola Barnhart & Shipley, P.A., West Palm Beach, Florida; and Andy Bardos of GrayRobinson, P.A., Tallahassee, Florida,

Responding with comments

# APPENDIX

## RULE 1.090.   TIME

**(a)**   [No Change]

**(b)**   ~~Enlargement~~Extending Time.

(1) *In General.* ~~When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion~~When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) ~~with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order~~with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) ~~upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect~~on motion made after the time has expired if the party failed to act because of excusable neglect.

(2) *Exceptions.* The court may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment; making a motion for relief from a judgment under rule 1.540(b); taking an appeal or filing a petition for certiorari; or making a motion for a directed verdict. Extensions of deadlines in case management orders are governed by rule 1.200 or rule 1.201, and trial continuances are governed by rule 1.460.

**(c)-(d)**   [No Change]

### Authors' Comment

[No Change]

- 14 -

**RULE 1.200.  CASE MANAGEMENT; PRETRIAL PROCEDURE**

**(a)  Applicability; Exemptions.** The requirements of this rule apply to all civil actions except:

(1)  actions required to proceed under section 51.011, Florida Statutes;

(2)  actions proceeding under section 45.075, Florida Statutes;

(3)  actions subject to the Florida Small Claims Rules, unless the court, under rule 7.020(c), has ordered the action to proceed under one or more of the Florida Rules of Civil Procedure and the deadline for the trial date specified in rule 7.090(d) no longer applies;

(4)  an action or proceeding initiated under chapters 731–736, 738, and 744, Florida Statutes;

(5)  an action for review of an administrative proceeding;

(6)  eminent domain actions under article X, section 6 of the Florida Constitution or chapters 73 and 74, Florida Statutes;

(7)  a forfeiture action in rem arising from a state statute;

(8)  a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;

(9)  an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;

(10)  an action to enforce or quash an administrative summons or subpoena;

(11)  a proceeding ancillary to a proceeding in another court;

(12)  an action to enforce an arbitration award;

(13) an action involving an extraordinary writ or remedy under rule 1.630;

(14) actions to confirm or enforce foreign judgments;

(15) all proceedings under chapter 56, Florida Statutes;

(16) a civil action pending in a special division of the court established by administrative order issued by the chief judge of the circuit or local rule (*e.g.*, a complex business division or a complex civil division) that enters case management orders;

(17) all proceedings under chapter 415, Florida Statutes, and sections 393.12 and 825.1035, Florida Statutes; and

(18) a claim requiring expedited or priority resolution under an applicable statute or rule.

**(b)** **Case Track Assignment.** Not later than 120 days after an action commences as provided in rule 1.050, the court must assign each civil case to 1 of 3 case management tracks either by an initial case management order or an administrative order on case management issued by the chief judge of the circuit: streamlined, general, or complex. Assignment is not based on the financial value of the case but rather the amount of judicial attention required for resolution.

(1) "*Complex*" cases are actions designated by court order as complex under rule 1.201(a). Complex cases must proceed as provided in rule 1.201.

(2) "*Streamlined*" cases are actions that reflect some mutual knowledge about the underlying facts, have limited needs for discovery, well-established legal issues related to liability and damages, few anticipated dispositive pretrial motions, minimal documentary evidence, and an anticipated trial length of no more than 3 days. Uncontested cases should generally be presumed to be streamlined cases.

(3) "*General*" cases are all other actions that do not meet the criteria for streamlined or complex.

**(c) Changes in Track Assignment.**

(1) *Change Requested by a Party.* Any motion to change the track to which a case is assigned must be filed promptly after the appearance of good cause to support the motion.

(2) *Change Directed by the Court.* A track assignment may be changed by the court on its own motion.

**(d) Case Management Order.**

(1) *Complex Cases.* Case management orders in complex cases must issue as provided in rule 1.201.

(2) *Streamlined and General Cases.* In streamlined and general cases, the court must issue a case management order that specifies the projected or actual trial period based on the case track assignment, consistent with administrative orders entered by the chief judge of the circuit. The order must also set deadlines that are differentiated based on whether the case is streamlined or general and must be consistent with the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B) for the completion of civil cases. The order must specify no less than the following deadlines:

(A) service of complaints;

(B) service under extensions;

(C) adding new parties;

(D) completion of fact discovery;

(E) completion of expert discovery;

(F) filing and service of motions for summary judgment;

- 17 -

(~~F~~G) filing and resolution of all objections to pleadings;

(~~G~~H) filing and resolution of all pretrial motions; and

(~~H~~I) completion of alternative dispute resolution.

(3) *Strict Enforcement of Deadlines.* The case management order must indicate that the deadlines established in the order will be strictly enforced ~~by the court~~unless changed by court order.

(4) *Timing of Issuance.* The court must issue the case management order no later than 120 days after commencement of the action as provided in rule 1.050 ~~or 30 days after service of the complaint on the last of all named defendants, whichever date comes first~~. No case management conference is required to be set by the court before issuance.

**(e)   Extensions of Time; Modification of Deadlines.**

(1) *Deadlines are Strictly Enforced.* Deadlines in a case management order must be strictly enforced unless changed by court order. Parties may submit an agreed order to extend a deadline if the extension does not affect the ability to comply with the remaining dates in the case management order. If extending an individual case management deadline may affect a subsequent deadline in the case management order, parties must seek an amendment of the case management order, rather than submitting a motion for extension of an individual deadline.

(2) *Modification of Actual Trial Period.* Once an actual trial period is set, the parties must satisfy the requirements of rule 1.460 to change that period. During the time a trial period is still a projection, the parties may seek to change the projected trial period through the process in subdivision (e)(3).

(3)    *Modifications of Deadlines or Projected Trial Period.* Any motion to extend a deadline, amend a case management order, or alter a projected trial period must specify:

(A)    the basis of the need for the extension, including when the basis became known to the movant;

(B)    whether the motion is opposed;

(C)    the specific date to which the movant is requesting the deadline or projected trial period be extended, and whether that date is agreed by all parties; and

(D)    the action and specific dates for the action that will enable the movant to meet the proposed new deadline or projected trial period, including, but not limited to, confirming the specific date any required participants such as third-party witnesses or experts are available.

**(f)    Notices of Unavailability.** Notices of unavailability have no effect on the deadlines set by the case management order. If a party is unable to comply with a deadline in a case management order, the party must take action consistent with subdivision (e)(1).

**(g)    Inability to Meet Case Management Deadlines.** If any party is unable to meet the deadlines set forth in the case management order for any reason, including due to the unavailability of hearing time, the affected party may promptly set a case management conference and alert the court. The notice of case management conference must identify the issues to be addressed in the case management conference.

**(h)    If Trial Is Not Reached During Trial Period.** If a trial is not reached during the trial period set by court order, the court must enter an order setting a new trial period that is as soon as practicable, given the needs of the case and resources of the court. The order resetting the trial period must reflect what further activity will or will not be permitted.

**(i)** **Forms.** Except for case management orders issued in cases governed by rule 1.201, the forms for case management orders will be set by the chief judge of the circuit. The form orders must comply with the requirements of this rule.

**(j)** **Case Management Conferences.**

(1) *Scheduling.* The court may set case management conferences at any time on its own notice or on proper notice by a party. Whether set by the court or a party, the amount of notice must be reasonable. If noticed by a party, the notice itself must identify the specific issues to be addressed during the case management conference and must also provide a list of all pending motions. The court may set, or the parties may request, case management conferences on an as-needed basis or an ongoing, periodic basis.

(2) *Issues That May Be Addressed.* During a case management conference, the court may address all scheduling issues, including requests to amend the case management order, and other issues that may impact trial of the case. In addition, on reasonable notice to the parties and adequate time available during the conference, the court may elect to hear a pending motion, other than motions for summary judgment and motions requiring evidentiary hearings, even if the parties have not identified the motion as an issue to be resolved. Motions for summary judgment and motions requiring evidentiary hearings may not be heard as part of a case management conference, unless agreed to by the parties.

(3) *Preparation Required.* Attorneys and self-represented litigants who appear at a case management conference must be prepared on the pending matters in the case, be prepared to make decisions about future progress and conduct of the case, and have authority to make representations to the court and enter into binding agreements concerning motions, issues, and scheduling. If a party is represented by more than 1 attorney, the attorney(s) present at a case management conference must be prepared with all attorneys' availability for future events.

(4)     *Other Hearings Convertible.* Any scheduled hearing may be converted to a sua sponte case management conference by agreement of the parties at the time of the hearing.

(5)     *Proposed Orders.* At the conclusion of the case management conference, unless the court is drafting its own order, the court must set a deadline for submitting proposed orders arising out of the case management conference. A proposed order must be submitted by that deadline unless an extension is requested. If the parties do not agree to the contents of a proposed order, competing proposed orders must be submitted to the court. The parties must notify the court of the basis of any objections at the time the competing orders are submitted.

(6)     *Failure to Appear.* On failure of a party to attend a case management conference, the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action against a party failing to attend.

**(k)     Pretrial Conference.** After the action has been set for an actual trial period, the court itself may, or must on the timely motion of any party, require the parties to appear for a pretrial conference to consider and determine:

(1)     a statement of the issues to be tried;

(2)     the possibility of obtaining evidentiary and other stipulations that will avoid unnecessary proof;

(3)     the witnesses who are expected to testify, evidence expected to be proffered, and any associated logistical or scheduling issues;

(4)     the use of technology and other means to facilitate the presentation of evidence and demonstrative aids at trial;

(5)     the order of proof at trial, time to complete the trial, and reasonable time estimates for voir dire, opening statements, closing arguments, and any other part of the trial;

(6)    the numbers of prospective jurors required for a venire, alternate jurors, and peremptory challenges for each party;

(7)    finalize jury instructions and verdict forms; and

(8)    any other matters the court considers appropriate.

### Committee Notes

[No Change]

### Court Commentary

**1984 Amendment.**  [No Change]

**2024 Amendment.** Rule 1.200 as amended is intended to supersede any case management rules issued by circuit courts and administrative orders on case management to the extent of contradiction. The rule is not intended to preclude the possibility of administrative orders issued by circuit chief judges and local rules under Florida Rule of General Practice and Judicial Administration 2.215 that refine and supplement the procedures delineated in the rule, including rollover practices for situations where a trial is not reached during the scheduled trial period.

### Authors' Comment

[No Change]


**RULE 1.201.    COMPLEX LITIGATION**

**(a)    Complex Litigation Defined.** At any time after all defendants have been served, and an appearance has been entered in response to the complaint by each party or a default entered, any party, or the court on its own motion, may move to declare an action complex. However, any party may move to designate an action complex before all defendants have been served subject to a showing to the court why service has not been made on all defendants. The court may convene a hearing to determine whether the action requires the use of complex litigation procedures.

(1)–(2)    [No Change]

(3)   A case will be designated or redesignated as complex in accordance with rule 1.200.

**(b)   Initial Case Management Report and Conference.** The court must hold an initial case management conference within 60 days from the date of the order declaring the action complex.

(1)    At least 20 days prior to the date of the initial case management conference, attorneys for the parties as well as any parties appearing pro se must confer and prepare a joint statement, which must be filed with the clerk of the court no later than 14 days before the conference, outlining a discovery plan and stating:

(A)-(D)    [No Change]

(E)    the proposed limits on the time:

(i)    to join other parties and to amend the pleadings;

(ii)    to file and hear motions;

(iii)    to identify any nonparties whose identity is known, or otherwise describe as specifically as practicable any nonparties whose identity is not known;

(iv)    to disclose expert witnesses; and

(v)    to complete discovery;

(F)-(O)    [No Change]

(P)    any other information that might be helpful to the court in setting further conferences and the trial dateperiod.

(2)    Lead trial counsel and a client representative must attend the initial case management conference.

(3)    At the initial case management conference, the court will set the trial ~~date or dates~~period no sooner than 6 months and no later than 24 months from the date of the conference unless good cause is shown for an earlier or later setting. The trial ~~date or dates~~period must be on a docket having sufficient time within which to try the action and, when feasible, for a date or dates certain. The trial ~~date~~period must be set after consultation with counsel and in the presence of all clients or authorized client representatives. The court must, no later than 2 months before the date scheduled for jury selection, arrange for a sufficient number of available jurors. Continuance of the trial of a complex action should rarely be granted and then only upon good cause shown. Any motion for continuance will be governed by rule 1.460.

**(c)    The Case Management Order.** Within 10 days after completion of the initial case management conference, the court must enter a case management order. The case management order must address each matter set forth under rule 1.200(d)(2) and set the action for a pretrial conference and trial. The case management order also must specify the following:

(1)    Dates by which all parties must name their expert witnesses and provide the expert information required by rule 1.280(c)(5). If a party has named an expert witness in a field in which any other parties have not identified experts, the other parties may name experts in that field within 30 days thereafter. No additional experts may be named unless good cause is shown.

(2)    Not more than 10 days after the date set for naming experts, the parties must meet and schedule dates for deposition of experts and all other witnesses not yet deposed. At the time of the meeting each party is responsible for having secured three confirmed dates for its expert witnesses. In the event the parties cannot agree on a discovery deposition schedule, the court, on motion, must set the schedule. Any party may file the completed discovery deposition schedule agreed on or entered by the court. Once filed, the deposition dates in the schedule may not be altered without consent of all parties or on order of the court. Failure to

comply with the discovery schedule may result in sanctions in accordance with rule 1.380.

(3) [No Change]

(4) The court must schedule periodic case management conferences and hearings on lengthy motions at reasonable intervals based on the particular needs of the action. In addition to the conferral required under rule 1.202, Tthe attorneys for the parties as well as any parties appearing pro se must confer no later than 15 days prior to each case management conference or hearing. The parties must notify the court immediately if a case management conference or hearing time becomes unnecessary. Failure to timely notify the court that a case management conference or hearing time is unnecessary may result in sanctions.

(5)-(6) [No Change]

(7) The case management order must be consistent with the time standard in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B) for the completion of complex cases.

**(d) Final Case Management Conference.** The court must schedule a final case management conference not less than 90 days before the date the case is set for trial. At least 10 days before the final case management conference the parties must confer to prepare a case status report, which must be filed with the clerk of the court either before or at the time of the final case management conference. The status report must contain in separately numbered paragraphs:

(1)-(5) [No Change]

(6) Certification that copies of witness and exhibit lists will be filed with the clerk of the court at least 48 hours before the date and time of the final case management conference.

(7)    A deadline for the filing of amended lists of witnesses and exhibits, which amendments will be allowed only on motion and for good cause shown.

(8)    [No Change]

**Committee Notes**

[No Change]

## RULE 1.280.    GENERAL PROVISIONS GOVERNING DISCOVERY

### (a)    Initial Discovery Disclosure.

(1)    *In General.* Except as exempted by subdivision (a)(2) or as ordered by the court, a party must, without awaiting a discovery request, provide to the other parties the following initial discovery disclosures unless privileged or protected from disclosure:

(A)    the name and, if known, the address, telephone number, and e-mail address of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(B)    a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control (or, if not in the disclosing party's possession, custody, or control, a description by category and location of such information) and may use to support its claims or defenses, unless the use would be solely for impeachment;

(C)    a computation for each category of damages claimed by the disclosing party and a copy of the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

provided that a party is not required to provide computations as to noneconomic damages, but the party must identify categories of damages claimed and provide supporting documents; and

(D) a copy of any insurance policy or agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(2) *Proceedings Exempt from Initial Discovery Disclosure.* Unless ordered by the court, actions and claims listed in rule 1.200(a) are exempt from initial discovery disclosure.

(3) *Time for Initial Discovery Disclosures.* A party must make the initial discovery disclosures required by this rule within 60 days after the service of the complaint or joinder, unless a different time is set by court order.

(4) *Basis for Initial Discovery Disclosure; Unacceptable Excuses; Objections.* A party must make its initial discovery disclosures based on the information then reasonably available to it. A party is not excused from making its initial discovery disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's initial discovery disclosures or because another party has not made its initial discovery disclosures. A party who formally objects to providing certain information is not excused from making all other initial discovery disclosures required by this rule in a timely manner.

**(b)** **Discovery Methods.** Parties may obtain discovery by 1 or more of the following methods: depositions on oral examination or written questions; written interrogatories; production of documents or things or permission to enter on land or other property for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise and under subdivision (d), the frequency of use of these methods is not limited, except as provided in rules 1.200, 1.340, and 1.370.

**(c)** **Scope of Discovery.** Unless otherwise limited by court order, the scope of discovery is as follows:

(1)     *In General.* Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(2)     [No Change]

(3)     *Electronically Stored Information.* A party may obtain discovery of electronically stored information under these rules.

(4)     *Trial Preparation; Materials.* Subject to the provisions of subdivision (c)(5), a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (c)(1) and prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative, including that party's attorney, consultant, surety, indemnitor, insurer, or agent, only on a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. Without the required showing a party may obtain a copy of a statement concerning the action or its subject matter previously made by that party. On request without the required showing a person not a party may obtain a copy of a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for an order to obtain a copy. The provisions of rule 1.380(a)(4) apply to the award of expenses incurred as a result of making the motion. For purposes of this

paragraph, a statement previously made is a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording or transcription of it that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

(5)    *Trial Preparation; Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (c)(1) and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(A)    (i)-(ii)    [No Change]

(iii)    A party may obtain the following discovery regarding any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial:

1.-3.    [No Change]

4.    An approximation of the portion of the expert's involvement as an expert witness, which may be based on the number of hours, percentage of hours, or percentage of earned income derived from serving as an expert witness; however, the expert will not be required to disclose the expert's earnings as an expert witness or income derived from other services.

An expert may be required to produce financial and business records only under the most unusual or compelling circumstances and may not be compelled to compile or produce nonexistent documents. On motion, the court may order further discovery by other means, subject to such restrictions as to scope and other provisions under subdivision (c)(5)(C) concerning fees and expenses as the court may deem appropriate.

(B)    [No Change]

(C)     Unless manifest injustice would result, the court will require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (c)(5)(A) and (c)(5)(B); and concerning discovery from an expert obtained under subdivision (c)(5)(A) the court may require, and concerning discovery obtained under subdivision (c)(5)(B) will require, the party seeking discovery to pay the other party a fair part of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

(D)     As used in these rules an expert witness is defined in rule 1.390(a).

(6)     *Claims of Privilege or Protection of Trial Preparation Materials.* When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party must make the claim expressly and must describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

**(d)     Protective Orders.** On motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, including 1 or more of the following:

(1)     that the discovery not be had;

(2)     that the discovery may be had only on specified terms and conditions, including a designation of the time or place or the allocation of expenses;

(3)     that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4)     that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;

(5)     that discovery be conducted with no one present except persons designated by the court;

(6)     that a deposition after being sealed be opened only by order of the court;

(7)     that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; and

(8)     that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of rule 1.380(a)(4) apply to the award of expenses incurred in relation to the motion.

**(e)     Limitations on Discovery of Electronically Stored Information.**

(1)     [No Change]

(2)     In determining any motion involving discovery of electronically stored information, the court must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that:

(A) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from another source or in another manner that is more convenient, less burdensome, or less expensive; or

(B) the burden or expense of the discovery outweighs its likely benefit, considering the needs of the case, the

amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

**(f)** ~~Sequence and~~Timing and Sequence__ of Discovery.__

(1) *Timing.* A party may not seek discovery from any source before that party's initial disclosure obligations are satisfied, except when authorized by stipulation or by court order.

(2) *Sequence.* Except as provided in subdivision (c)(5), or unless the parties stipulate or the court orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, must not delay any other party's discovery.

**(g)** **Supplementing of Responses.** A party who has made a disclosure under this rule or who has responded to an interrogatory, a request for production, or a request for admission must supplement or correct its disclosure or response:

(1)    in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(2)    as ordered by the court.

**(h)    Court Filing of Documents and Discovery.** Information obtained during discovery may not be filed with the court until such time as it is filed for good cause. The requirement of good cause is satisfied only when the filing of the information is allowed or required by another applicable rule of procedure or by court order. All filings of discovery documents must comply with Florida Rule of General Practice and Judicial Administration 2.425. The court has the authority to impose sanctions for violation of this rule.

**(i)    Apex Doctrine.** A current or former high-level government or corporate officer may seek an order preventing the

officer from being subject to a deposition. The motion, whether by a party or by the person of whom the deposition is sought, must be accompanied by an affidavit or declaration of the officer explaining that the officer lacks unique, personal knowledge of the issues being litigated. If the officer meets this burden of production, the court shall issue an order preventing the deposition, unless the party seeking the deposition demonstrates that it has exhausted other discovery, that such discovery is inadequate, and that the officer has unique, personal knowledge of discoverable information. The court may vacate or modify the order if, after additional discovery, the party seeking the deposition can meet its burden of persuasion under this rule. The burden to persuade the court that the officer is high-level for purposes of this rule lies with the person or party opposing the deposition.

**(j)     Form of Responses to Written Discovery Requests.** When responding to requests for production served under rule 1.310(b)(5), written deposition questions served under rule 1.320, interrogatories served under rule 1.340, requests for production or inspection served under rule 1.350, requests for production of documents or things without deposition served under rule 1.351, requests for admissions served under rule 1.370, or requests for the production of documentary evidence served under rule 1.410(c), the responding party must state each deposition question, interrogatory, or discovery request in full as numbered, followed by the answer, objection, or other response.

**(k)     Signing Disclosures and Discovery Requests; Responses; and Objections.** Every initial discovery disclosure under subdivision (a) of this rule and every discovery request, response, or objection made by a party represented by an attorney must be signed by at least 1 attorney of record and must include the attorney's address, e-mail address, and telephone number. A self-represented litigant must sign the request, response, or objection and must include the self-represented litigant's address, e-mail address, and telephone number. By signing, an attorney or self-represented litigant certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

(1)    with respect to a disclosure, it is complete and correct as of the time it is made; and

(2)    with respect to a discovery request, response, or objection, it is:

(A)    consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

(B)    not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and

(C)    not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

No party has a duty to act on an unsigned disclosure, request, response, or objection until it is signed. If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

### Committee Notes

[No Change]

### Court Commentary

**2024 Amendment.** The scope of discovery in subdivision (c)(1) is amended to adopt almost all the text of Federal Rule of Civil Procedure 26(b)(1) and is to be construed and applied in accordance with the federal proportionality standard.

## RULE 1.310.    DEPOSITIONS ON ORAL EXAMINATION

**(a)-(c)**     [No Change]

**(d)     Motion to Terminate or Limit Examination.** At any time during the taking of the deposition, on motion of a party or of the deponent and on a showing that the examination is being conducted in bad faith or in any manner as unreasonably to annoy, embarrass, or oppress the deponent or party, or that objection and instruction to a deponent not to answer are being made in violation of rule 1.310(c), the court in which the action is pending or the circuit court where the deposition is being taken may order the officer conducting the examination to cease immediately from taking the deposition or may limit the scope and manner of the taking of the deposition under rule 1.280(d). If the order terminates the examination, it will be resumed thereafter only on the order of the court in which the action is pending. On demand of any party or the deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order. Rule 1.380(a) applies to the award of expenses incurred in relation to the motion.

**(e)-(h)**     [No Change]

### Committee Notes

[No Change]

### Court Commentary

[No Change]

### Authors' Comment

[No Change]

## RULE 1.340.   INTERROGATORIES TO PARTIES

**(a)     Procedure for Use.**

(1)    Without leave of court, any party may serve on any other party written interrogatories to be answered:

(1A) by the party to whom the interrogatories are directed,; or

(2B) if that party is a public corporation, or private corporation, or partnership, or association, or governmental agency, by any officer or agent, who must furnish the information available to that party.

(2) Interrogatories may be served on the plaintiff after commencement of the action and on any other party with or after service of the process and initial pleading on that party.

(3) The interrogatories must not exceed 30, including all subparts, unless the court permits a larger number on motion and notice and for good cause.

(4) If the supreme court has approved a form of interrogatories for the type of action, the initial interrogatories on a subject included within must be from the form approved by the court.

(5) A party may serve fewer than all of the approved interrogatories within a form.

(6) Other interrogatories may be added to the approved forms without leave of court, so long as the total of approved and additional interrogatories does not exceed 30.

(7) Each interrogatory must be answered separately and fully in writing under oath unless it is objected to, in which event the grounds for objection must be stated and signed by the attorney making it.

(8) The grounds for objecting to an interrogatory must be stated with specificity, including the reasons. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

(9)    The party to whom the interrogatories are directed must serve the answers and any objections within 30 days after the service of the interrogatories, except that a defendant may serve answers or objections within 45 days after service of the process and initial pleading on that defendant. The court may allow a shorter or longer time.

(10)   The party submitting the interrogatories may move for an order under rule 1.380(a) on any objection to or other failure to answer an interrogatory.

**(b)    Scope; Use at Trial.**

(1)    Interrogatories may relate to any matters that can be inquired into under rule 1.280(~~b~~c), and the answers may be used to the extent permitted by the rules of evidence except as otherwise provided in ~~this~~ subdivision (b).

(2)    An interrogatory otherwise proper is not objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or calls for a conclusion or asks for information not within the personal knowledge of the party.

(3)    A party must respond to ~~such~~ an otherwise proper interrogatory by giving the information the party has and the source on which the information is based.

(4)    ~~Such a~~A qualified answer may not be used as direct evidence for or impeachment against the party giving the answer unless the court finds it otherwise admissible under the rules of evidence.

(5)    If a party introduces an answer to an interrogatory, any other party may require that party to introduce any other interrogatory and answer that in fairness ought to be considered with it.

**(c)    Option to Produce Records.**

(1)    When the answer to an interrogatory may be derived or ascertained from the records (including electronically stored information) of the party to whom the interrogatory is directed or from an examination, audit, or inspection of the records or from a compilation, abstract, or summary based on the records and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party to whom it is directed, then an answer to the interrogatory specifying the records from which the answer may be derived or ascertained and offering to give the party serving the interrogatory a reasonable opportunity to examine, audit, or inspect the records and to make copies, compilations, abstracts, or summaries is a sufficient answer.

(2)    An answer must be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party interrogated, the records from which the answer may be derived or ascertained, or must identify a person or persons representing the interrogated party who will be available to assist the interrogating party in locating and identifying the records at the time they are produced.

(3)    If the records to be produced consist of electronically stored information, the records must be produced in a form or forms in which they are ordinarily maintained or in a reasonably usable form or forms.

**(d)    Effect on Co-Party.** Answers made by a party ~~shall not be~~are not binding on a co-party.

**(e)    Service and Filing.**

(1)    Interrogatories must be served on the party to whom the interrogatories are directed and copies must be served on all other parties.

(2)　A certificate of service of the interrogatories must be filed, giving the date of service and the name of the party to whom they were directed.

(3)　The answers to the interrogatories must be served on the party originally propounding the interrogatories and a copy must be served on all other parties by the answering party.

(4)　The ~~original or any copy of the~~ answers to interrogatories may be filed in compliance with Florida Rule of General Practice and Judicial Administration 2.425 and rule 1.280~~(g)~~(h) by any party when the court should consider the answers to interrogatories in determining any matter pending before the court.

(5)　The court may order ~~a copy of~~ that the answers to interrogatories be filed at any time when the court determines that examination of the answers to interrogatories is necessary to determine any matter pending before the court.

### Committee Notes

[No Change]

### Court Commentary

**1984 Amendment.**　[No Change]

**2024 Amendment.** Any use of standard interrogatories must be adjusted for proportional discovery.

### Authors' Comment

[No Change]

### RULE 1.350.　PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY ~~UP~~ON LAND FOR INSPECTION AND OTHER PURPOSES

**(a)**   **Request; Scope.** Any party may request any other party:

(1)   to produce and permit the party making the request, or someone acting in the requesting party's behalf, to inspect and copy any designated documents, including electronically stored information, writings, drawings, graphs, charts, photographs, audio, visual, and audiovisual recordings, and other data compilations from which information can be obtained, translated, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form, that constitute or contain matters within the scope of rule 1.280(b̶c) and that are in the possession, custody, or control of the party to whom the request is directed;

(2)   to inspect and copy, test, or sample any tangible things that constitute or contain matters within the scope of rule 1.280(b̶c) and that are in the possession, custody, or control of the party to whom the request is directed; or

(3)   to permit entry u̶p̶on designated land or other property in the possession or control of the party u̶p̶on whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation on it within the scope of rule 1.280 (b̶c).

**(b)**   **Procedure.**

(1)   Without leave of court the request may be served on the plaintiff after commencement of the action and on any other party with or after service of the process and initial pleading on that party.

(2)   The request s̶h̶a̶l̶l̶must set forth the items to be inspected, either by individual item or category, and describe each item and category with reasonable particularity.

(3)　The request ~~shall~~<u>must</u> specify a reasonable time, place, and manner of making the inspection or performing the related acts. The party to whom the request is directed ~~shall~~<u>must</u> serve a written response within 30 days after service of the request, except that a defendant may serve a response within 45 days after service of the process and initial pleading on that defendant. The court may allow a shorter or longer time.

(4)　For each item or category the response ~~shall~~<u>must</u> state that inspection and related activities will be permitted as requested ~~unless the request is objected to, in which event the reasons for the objection shall be stated~~<u>or state with specificity the grounds for objecting to the request, including the reasons</u>.

(5)　If an objection is made to part of an item or category, the ~~part~~<u>objection</u> ~~shall~~<u>must</u> ~~be specified~~<u>state with specificity the grounds for objecting, including the reasons</u>.

(6)　<u>An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.</u>

(7)　<u>When producing documents, the producing party</u> ~~shall~~<u>must</u> either produce them as they are kept in the usual course of business or ~~shall~~<u>must</u> identify them to correspond with the categories in the request.

(8)　<u>A request for electronically stored information may specify the form or forms in which electronically stored information is to be produced. If the responding party objects to a requested form, or if no form is specified in the request, the responding party must state the form or forms it intends to use. If a request for electronically stored information does not specify the form of production, the producing party must produce the information in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.</u>

(9)   The party submitting the request may move for an order under rule 1.380 concerning any objection, failure to respond to the request, or any part of it, or failure to permit the inspection as requested.

**(c)   Persons Not Parties.** This rule does not preclude an independent action against a person not a party for production of documents and things and permission to enter ~~upon~~ on land.

**(d)   Filing of Documents.** Unless required by the court, a party ~~shall~~must not file any of the documents or things produced with the response. Documents or things may be filed in compliance with Florida Rule of General Practice and Judicial Administration 2.425 and rule 1.280(~~g~~h) when they should be considered by the court in determining a matter pending before the court.

### Committee Notes

[No Change]

## RULE 1.370.   REQUESTS FOR ADMISSION

**(a)   Request for Admission.** A party may serve ~~upon~~ any other party a written request for the admission of the truth of any matters within the scope of rule 1.280(~~b~~c) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. Without leave of court the request may be served upon the plaintiff after commencement of the action and upon any other party with or after service of the process and initial pleading upon that party. The request for admission shall not exceed 30 requests, including all subparts, unless the court permits a larger number on motion and notice and for good cause, or the parties propounding and responding to the requests stipulate to a larger number. Each matter of which an admission is requested shall be separately set forth. The matter is admitted

unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter within 30 days after service of the request or such shorter or longer time as the court may allow but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the process and initial pleading upon the defendant. If objection is made, the reasons shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless that party states that that party has made reasonable inquiry and that the information known or readily obtainable by that party is insufficient to enable that party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not object to the request on that ground alone; the party may deny the matter or set forth reasons why the party cannot admit or deny it, subject to rule 1.380(c). The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. Instead of these orders the court may determine that final disposition of the request be made at a pretrial conference or at a designated time before trial. The provisions of rule 1.380(a)(4) apply to the award of expenses incurred in relation to the motion.

**(b)**    [No Change]

### Committee Notes

[No Change]

## RULE 1.380.    FAILURE TO MAKE DISCOVERY; SANCTIONS

**(a)    Motion for Order Compelling Discovery.** ~~Upo~~On reasonable notice to other parties and all persons affected, a party may apply for an order compelling discovery as follows:

(1)    *Appropriate Court.* An application for an order to a party may be made to the court in which the action is pending or in accordance with rule 1.310(d). An application for an order to a deponent who is not a party ~~shall~~must be made to the circuit court where the deposition is being taken.

(2)    *Motion.*

(A)    If a party fails to make a disclosure required by rule 1.280(a), any other party may move to compel disclosure and for appropriate sanctions.

(B)    The discovering party may move for an order compelling an answer if:

(i)    ~~If~~ a deponent fails to answer a question propounded or submitted under rule 1.310 or 1.320~~;~~; ~~or a corporation or other entity fails to make a designation under rule 1.310(b)(6) or 1.320(a),~~ or

(ii)    a party fails to answer an interrogatory submitted under rule 1.340~~, or if~~.

(C)    The discovering party may move for an order compelling a designation if a corporation or other entity fails to make a designation under rule 1.310(b)(6) or 1.320(a).

(D)    The discovering party may move for an order compelling an inspection if a party in response to a request for inspection submitted under rule 1.350 fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, or if a party.

(E)    The discovering party may move for an order compelling an examination if a party:

(i)    in response to a request for examination of a person submitted under rule 1.360(a) objects to the examination,;

(ii)    fails to respond that the examination will be permitted as requested, or;

(iii)    fails to submit to examination; or

(iv)    fails to produce a person in that party's custody or legal control for examination, the discovering party may move for an order compelling an answer, or a designation or an order compelling inspection, or an order compelling an examination in accordance with the request. The motion must include a certification that the movant, in good faith, has conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

(F)    A discovering party may move for an order compelling a response if a party fails to produce documents and things under rule 1.350(b).

(G)    When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

(H)    If the court denies the motion in whole or in part, it may make suchthe protective order as it would have been

- 45 -

empowered to make on a motion made ~~pursuant to~~under rule 1.280~~(c)~~(d).

(3)   *Evasive or Incomplete Answer.* For purposes of this subdivision an evasive or incomplete answer ~~shall be~~is treated as a failure to answer.

(4)   *Award of Expenses of Motion.*

(A)   If the motion is granted and after opportunity for hearing, the court ~~shall~~must require the party or deponent whose conduct necessitated the motion, or the party or counsel advising the conduct, to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorneys' fees, unless the court finds ~~that the movant failed to certify in the motion that a good faith effort was made to obtain the discovery without court action,~~ that the opposition to the motion was substantially justified, or that other circumstances make an award of expenses unjust.

(B)   If the motion is denied and after opportunity for hearing, the court ~~shall~~must require the moving party to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion that may include attorneys' fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

(C)   If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred as a result of making the motion among the parties and persons.

**(b)   Failure to Comply with Order.**

(1)   [No Change]

(2)   If a party or an officer, director, or managing agent of a party or a person designated under rule 1.310(b)(6) or 1.320(a)

to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or rule 1.360, the court in which the action is pending may make any of the following orders:

(A)    An order that the matters regarding which the questions were asked or any other designated facts ~~shall~~will be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.

(B)-(C)    [No Change]

(D)    Instead of any of the foregoing orders or in addition to them, an order treating as a contempt of court the failure to obey any orders except an order to submit to an examination made ~~pursuant to~~under rule 1.360(a)(1)(B) or subdivision (a)(2) of this rule.

(E)    When a party has failed to comply with an order under rule 1.360(a)(1)(B) requiring that party to produce another for examination, the orders listed in ~~paragraphs (A), (B), and (C)~~subdivisions (b)(2)(A), (b)(2)(B), (b)(2)(C), and (b)(2)(D) of this ~~subdivision~~rule, unless the party failing to comply shows the inability to produce the person for examination.

(3)    Instead of any of the foregoing orders or in addition to them, the court ~~shall~~must require the party failing to obey the order to pay the reasonable expenses caused by the failure, which may include attorneys' fees, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

(c)    **Expenses on Failure to Admit.** If a party fails to admit the genuineness of any document or the truth of any matter as requested under rule 1.370 and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may file a motion for

an order requiring the other party to pay the requesting party the reasonable expenses incurred in making that proof, which may include attorneys' fees. The court shallmust issue such anthe order at the time a party requesting the admissions proves the genuineness of the document or the truth of the matter, upon motion by the requesting party, unless it finds that:

(1)   the request was held objectionable pursuant tounder rule 1.370(a),;

(2)   the admission sought was of no substantial importance,; or

(3)   there was other good reason for the failure to admit.

**(d)   Failure to Disclose or to Supplement an Earlier Response.** If a party fails to provide information or identify a witness as required by rule 1.280(a) or (g), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(1)   may order payment of the reasonable expenses, including attorneys' fees, caused by the failure;

(2)   may inform the jury of the party's failure; and

(3)   may impose other appropriate sanctions, including any of the orders listed in rule 1.380(b)(2)(A)–(b)(2)(D).

**(de)  Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.**

(1)   The court in which the action is pending may take any action authorized under subdivisions (b)(2)(A)-(b)(2)(C) of this rule iIf a party or an officer, director, or managing agent of a party

- 48 -

or a person designated under rule 1.310(b)(6) or 1.320(a) to testify on behalf of a party fails:

(1A) to appear before the officer who is to take the deposition after being served with a proper notice,;

(2B) to serve answers or objections to interrogatories submitted under rule 1.340 after proper service of the interrogatories,; or

(3C) to serve a written response to a request for inspection submitted under rule 1.350 after proper service of the request, ~~the court in which the action is pending may take any action authorized under paragraphs (A), (B), and (C) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant, in good faith, has conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action.~~

(2) Instead of any order or in addition to it, the court ~~shall~~must require the party failing to act to pay the reasonable expenses caused by the failure, which may include attorneys' fees, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

(3) The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by rule 1.280(c)(d).

**(ef) Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

(1)   ~~upon~~ finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

(2)   only ~~upon~~ a finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

(A)   presume that the lost information was unfavorable to the party;

(B)   instruct the jury that it may or must presume the information was unfavorable to the party; or

(C)   dismiss the action or enter a default judgment.

### Committee Notes

[No Change]

### Authors' Comment

[No Change]

## RULE 1.410.   SUBPOENA

**(a)-(b)**   [No Change]

**(c)**   **For Production of Documentary Evidence.** A subpoena may also command the person to whom it is directed to produce the books, documents (including electronically stored information), or tangible things designated therein, but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive, or (2) condition denial of the motion on the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, documents, or tangible things. If a subpoena does not specify a form for producing electronically stored information, the

person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. A person responding to a subpoena may object to discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue costs or burden. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought or the form requested is not reasonably accessible because of undue costs or burden. If that showing is made, the court may nonetheless order discovery from such sources or in such forms if the requesting party shows good cause, considering the limitations set out in rule 1.280(d̶e̲)(2). The court may specify conditions of the discovery, including ordering that some or all of the expenses of the discovery be paid by the party seeking the discovery. A party seeking a production of evidence at trial which would be subject to a subpoena may compel such production by serving a notice to produce such evidence on an adverse party as provided in Florida Rule of Judicial Administration 2.516. Such notice shall have the same effect and be subject to the same limitations as a subpoena served on the party.

**(d)**  [No Change]

**(e)**  **Subpoena for Taking Depositions.**

(1)  Filing a notice to take a deposition as provided in rule 1.310(b) or 1.320(a) with a certificate of service on it showing service on all parties to the action constitutes an authorization for the issuance of subpoenas for the persons named or described in the notice by the clerk of the court in which the action is pending or by an attorney of record in the action. The subpoena must state the method for recording the testimony. A party intending to audiovisually record a deposition must state in the subpoena that the deposition is to be audiovisually recorded and identify the method for audiovisually recording the deposition, including, if applicable, the name and address of the operator of the audiovisual recording equipment. If a party intends to take a deposition by communication technology, the subpoena must state the deposition is to be taken using communication technology, identify the specific form of communication technology to be used, and provide

instructions for access to the communication technology. The subpoena may command the person to whom it is directed to produce designated books, documents, or tangible things that constitute or contain evidence relating to any of the matters within the scope of the examination permitted by rule 1.280(~~b~~c), but in that event the subpoena will be subject to the provisions of rule 1.280(~~e~~d) and subdivision (c) of this rule. Within 10 days after its service, or on or before the time specified in the subpoena for compliance if the time is less than 10 days after service, the person to whom the subpoena is directed may serve written objection to inspection or copying of any of the designated materials. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued. If objection has been made, the party serving the subpoena may move for an order at any time before or during the taking of the deposition on notice to the deponent.

(2) [No Change]

**(f)-(h)** [No Change]

## Committee Notes

[No Change]

## Authors' Comment

[No Change]

## RULE 1.440.   SETTING ACTION FOR TRIAL

(a) **~~Setting Trial~~Pleadings.** The failure of the pleadings to be closed will not preclude the court from setting a case for trial.

(b) **Motion for Trial.** For any case not subject to rule 1.200 or rule 1.201 or for any case in which any party seeks a trial for a date earlier than the projected or actual trial period specified in a case management order, any party may file and serve a motion to

set the action for trial. The motion must include an estimate of the time required, whether there is a basis for expedited trial, whether it is to be a jury or non-jury trial, whether the trial is on the original action or a subsequent proceeding, and, if applicable, indicate that the court has authorized the participation of prospective jurors or empaneled jurors through audio-video communication technology under rule 1.430(d). The moving party must serve a copy of the motion on the presiding judge at the time the motion is filed.

**(c)** ~~Fixing~~Setting **Trial Period.**

(1)     On a party's motion or upon the court's own initiative, if the court finds the action ready to be set for a trial period earlier than the projected or actual trial period specified in the case management order entered under rule 1.200 or rule 1.201, the court may enter an order ~~fixing~~setting an earlier trial period.

(2)     For any case subject to rule 1.200 with a projected trial period in the case management order, not later than 45 days before the projected trial period set forth in the case management order, the court must enter an order ~~fixing~~setting the trial period.

(3)     For any case not subject to rule 1.200 or 1.201, on a party's motion or upon the court's own initiative, if the court finds the action ready to be set for trial, the court must enter an order ~~fixing~~setting the trial period.

(4)     Any order setting a trial period must set the trial period to begin at least 30 days after the date of the court's service of the order, unless all parties agree otherwise.

**(d)     Service on Defaulted Parties.** In actions in which the damages are not liquidated, the order setting an action for trial must be served on parties who are in default in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

**(e)     Applicability.** This rule does not apply to actions under chapter 51, Florida Statutes.

## Committee Notes

[No Change]

## Court Commentary

**1984 Amendment.** [No Change]

**2024 Amendment.** This rule has been substantially amended. It no longer requires that a case be "at issue" before the case can be set for trial, and it ties the date of trial directly to any projected trial period set forth in a case management order.

## Authors' Comment

[No Change]

## RULE 1.460. MOTIONS TO CONTINUE TRIAL

**(a) Generally.** Motions to continue trial are disfavored and should rarely be granted and then only upon good cause shown. Successive continuances are highly disfavored. Lack of due diligence in preparing for trial is not grounds to continue the case. Motions for continuance based on parental leave are governed by Florida Rule of General Practice and Judicial Administration 2.570.

**(b) Motion; Requirements.** A motion to continue trial must be in writing unless made at a trial and, except for good cause shown, must be signed by the named party requesting the continuance.

**(c) Motion; Timing of Filing.** A motion to continue trial must be filed promptly after the appearance of good cause to support such motion. Failure to promptly request a continuance may be a basis for denying the motion to continue.

**(d) Motion; Contents.** ~~The moving party or counsel must make reasonable efforts to confer with the non-moving party or opposing counsel about the need for a continuance, and the non-moving party or opposing counsel must cooperate in responding~~

~~and holding a conference.~~ All motions for continuance, even if agreed, must state with specificity:

(1)    the basis of the need for the continuance, including when the basis became known to the movant;

(2)    whether the motion is opposed;

(3)    the action and specific dates for the action that will enable the movant to be ready for trial by the proposed date, including, but not limited to, confirming the specific date any required participants such as third-party witnesses or experts are available; and

(4)    the proposed date by which the case will be ready for trial and whether that date is agreed by all parties.

~~If the required conference did not occur, the motion must explain the dates and methods of the efforts to confer. Failure to confer by any party or attorney under this rule may result in sanctions.~~

**(e)    Efforts to Avoid Continuances.** To avoid continuances, trial courts should use all appropriate methods to address the issues causing delay, including requiring depositions to preserve testimony, allowing remote appearances, and resolving conflicts with other judges as provided in the Florida Rules of General Practice and Judicial Administration.

**(f)    Setting Trial Date.** When possible, continued trial dates must be set in collaboration with attorneys and self-represented litigants as opposed to the issuance of unilateral dates by the court.

**(g)    Dilatory Conduct.** If a continuance is granted based on the dilatory conduct of an attorney or named party, the court may impose sanctions on the attorney, the party, or both.

**(h)    Order on Motion for Continuance.** When ruling on a motion to continue, the court must state, either on the record or in a written order, the factual basis for the ruling. An order granting a motion to continue must either set a new trial period or set a case

management conference. If the trial is continued, the new trial must be set for the earliest date practicable, given the needs of the case and resources of the court. The order must reflect what further activity will or will not be permitted.

## Committee Notes

[No Change]

## Authors' Comment

[No Change]